1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PETER GRAVES,

11            Plaintiff,                    No. CIV 11-0453 MCE EFB PS

12        vs.

13   KATHLEEN SEBELIUS,

14            Defendant.                    <u>ORDER</u>
     _____/

15

16        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

18   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes

19   the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the request to proceed *in*

20   *forma pauperis* will be granted.  28 U.S.C. § 1915(a).

21        However, determining plaintiff may proceed *in forma pauperis* does not complete the

22   required inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if

23   it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

24   state a claim on which relief may be granted, or seeks monetary relief against an immune

25   defendant.

26   ////

1

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

Additionally, a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

Further, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's complaint alleges that the Patient Protection and Affordable Care Act violates the Commerce Clause and the Excessive Fines Clause of the Eighth Amendment by mandating private citizens purchase private health insurance. Compl., Dckt. No. 1.[1] Plaintiff

---

[1] Plaintiff has also filed numerous other actions in this court. *See Graves v. Holder*, 2:10-cv-2970 WBS EFB (E.D. Cal.); *Graves v. Berrien*, 2:10-cv-3015 MCE EFB (E.D. Cal.); *Graves v. Clinton*, 2:10-cv-3106-JAM-DAD (E.D. Cal.) (closed); *Graves v. Clinton*, 2:10-cv-03128-JAM-KJN (E.D. Cal.) (closed); *Graves v. Donahoe*, 2:11-cv-329-MCE-EFB (E.D. Cal.); *Graves v. Visek*, 2:11-cv-367-JAM-GGH (E.D. Cal.) (closed); *Graves v. Dep't of Health & Human Servs*., 2:11-cv-1077-JAM-GGH (E.D. Cal.); *Graves v. Sutter Bd. of Directors*, 2:11-cv-1078-JAM-CMK (E.D. Cal.) (closed); *Graves v. Sutter Bd. of Directors*, 2:11-cv-1119-KJN-KJN (E.D. Cal.); *Graves v. U.S. Dep't of Health & Human Servs*., 2:11-cv-1120-KJN-KJN (E.D. Cal.); *Graves v. UC Davis*, 2:11-cv-1164-KJM-KJN (E.D. Cal.); *Graves v. Mendez*, 2:11-cv-1316-KJM-EFB (E.D. Cal.) (closed); *Graves v. Johnson*, 2:11-cv-1851-GEB-GGH (closed); *Graves v. Experian*, 2:11-cv-1943-GEB-JFM (closed); *Graves v. Experian*, 2:11-cv-1977-GEB-JFM (closed); *Graves v. Experian*, 2:11-cv-1988-GEB-JFM; *Graves v. The Big 3 Credit Agencies*, 2:11-cv-2024-MCE-GGH. The undersigned notes that the pattern that has resulted from these numerous case filings suggests that plaintiff may be judge-shopping in order to obtain a particular judge assignment. Plaintiff is warned that such behavior may result in the imposition

1   further states that plaintiff does "want the Patient Protection and Affordable Care Act, but under

2   a status that 'preserves' [his] individual liberties. . . ." *Id.*  Plaintiff wants "a jury of [his] peers"

3   to determine whether a fine imposed as a result of a private individual failing to obtain health

4   insurance is an "excessive fine." *Id.*  Plaintiff also wants the court to mandate that defendant

5   implement certain changes to the Patient Protection and Affordable Care Act. *Id.* at 2.  Plaintiff

6   later states that he thinks that "the Patient Protection and Affordable Care Act will probably be

7   the best set of policies made for our people since the creation of social security." *Id.* at 3.

8          It is unclear from plaintiff's complaint precisely what he is alleging.  At one point,

9   plaintiff appears to be challenging the constitutionality of the Patient Protection and Affordable

10  Care Act, yet plaintiff also states that he is in favor of the Act.  Moreover, plaintiff does not

11  include any facts in the complaint demonstrating that he has standing to bring this action.

12  Plaintiff has not alleged any facts that would support a finding that he has suffered an "injury in

13  fact"; he has not alleged that there is a causal connection between the injury and the conduct

14  complained of; nor has he alleged that it is likely that the injury will be redressed by a favorable

15  decision. *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n.11 (9th Cir. 1980) ("[B]efore

16  reaching a decision on the merits, we [are required to] address the standing issue to determine if

17  we have jurisdiction."); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (noting the

18  three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have

19  suffered an "injury in fact" – an invasion of a legally protected interest which is both concrete

20  and particularized and actual or imminent; (2) there must be a causal connection between the

21  injury and the conduct complained of; and (3) it must be likely that the injury will be redressed

22  by a favorable decision); *Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 847 (9th

23  Cir. 2001) (en banc); *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298

24  (1979) ("A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a

25

26  of monetary sanctions and/or the dismissal of one or more of the pending actions, and may result
    in a declaration that plaintiff is a vexatious litigant.

1    direct injury as a result of the statute's operation or enforcement.  But, 'one does not have to

2    await the consummation of threatened injury to obtain preventive relief.  If the injury is certainly

3    impending, that is enough.'") (citations and brackets omitted).  He also has not shown that this

4    court has the authority to provide plaintiff with the specific relief he seeks in his complaint.

5            Therefore, plaintiff's complaint will be dismissed.  However, plaintiff is granted leave to

6    file an amended complaint, if he can allege a cognizable legal theory and sufficient facts in

7    support of that cognizable legal theory, and if he can specifically allege facts sufficient to

8    demonstrate that he has standing to bring the action.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27

9    (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to

10   correct any deficiency in their complaints).

11           If plaintiff chooses to file an amended complaint, the complaint shall plead plaintiff's

12   claims in "numbered paragraphs, each limited as far as practicable to a single set of

13   circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-

14   spaced text on paper that bears line numbers in the left margin, as required by Eastern District of

15   California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings

16   to delineate each claim alleged and against which defendant or defendants the claim is alleged,

17   as required by Rule 10(b), and must plead clear facts that support each claim under each header.

18           Plaintiff is informed that the court cannot refer to prior pleadings in order to make an

19   amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

20   in itself.  This is because, as a general rule, an amended complaint supersedes the original

21   complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files

22   an amended complaint, the original no longer serves any function in the case.  Therefore, "a

23   plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

24   amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and

25   defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*,

26   963 F.2d 1258, 1262 (9th Cir. 1992).

1        Accordingly, IT IS ORDERED that:

2        1.  Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

3        2.  Plaintiff's complaint, Dckt. No. 1, is dismissed with leave to amend.

4        3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

5 complaint as provided herein.  The amended complaint must bear the docket number assigned to

6 this case and must be labeled "First Amended Complaint."  Failure to timely file an amended

7 complaint in accordance with this order will result in a recommendation this action be dismissed.

8 DATED:  August 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6